**Electronically Filed
Intermediate Court of Appeals
CAAP-20-0000613
29-JUN-2023
07:51 AM
Dkt. 64 SO**

NO. CAAP-20-0000613

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAI'I

STATE OF HAWAI'I, Plaintiff-Appellee,
v.
RONALD RAMSEY HAYWARD, Defendant-Appellant

APPEAL FROM THE DISTRICT COURT OF THE THIRD CIRCUIT
NORTH KOHALA DIVISION
(CASE NO. 3DCW-20-0000005)

### SUMMARY DISPOSITION ORDER
(By: Leonard, Presiding Judge, Hiraoka and Nakasone, JJ.)

Defendant-Appellant Ronald Ramsey **Hayward** appeals from the "Judgment of Conviction & Sentence" entered by the District Court of the Third Circuit, North Kohala Division, on September 25, 2020.[1] For the reasons explained below, we affirm.

On January 2, 2020, Hayward was charged by complaint with one count of Assault in the Third Degree, in violation of Hawaii Revised Statute (**HRS**) § 707-712(1)(a). Hayward pleaded not guilty.

A bench trial was held on September 25, 2020. The State called four witnesses: the complaining witness (**CW**); his girlfriend; and two Hawai'i County Police Department (**HCPD**) officers. Hayward testified in his own defense. The district court found Hayward guilty as charged.

_____

[1] The Honorable Mahilani E.K. Hiatt presided.

Hayward filed a motion for new trial on October 5, 2020.  Hayward argued that he received ineffective assistance from his trial counsel.  The district court denied the motion. This appeal followed.

Hayward raises four points of error: **(1)** the criminal complaint violated HRS § 805-1; **(2)** his arraignment violated Hawaiʻi Rules of Penal Procedure (**HRPP**) Rules 5(b) and 10(a); **(3)** the district court did not properly advise him of his rights to testify and to not testify; and **(4)** the district court erred by denying his motion for new trial.

**(1)** Hayward contends that the State's criminal complaint violated HRS § 805-1.[2]  Whether a complaint complied with an applicable statute and/or rule is a question of law we review de novo.  State v. Mortensen-Young, 152 Hawaiʻi 385, 392, 526 P.3d 362, 369 (2023).

Hayward argues that "the [deputy prosecuting attorney] cannot be the 'complainant' for purposes of HRS § 805-1 because he did not observe the alleged offense and this would render the right of the offender to challenge the veracity of the accuser meaningless."  Hayward's argument is without merit.  HRS § 805-1 applies only to criminal complaints used to obtain a penal summons or arrest warrant.  Mortensen-Young, 152 Hawaiʻi at 399, 526 P.3d at 376.  Hayward was arrested by an HCPD officer at the scene of the alleged assault.  "[T]he requirements of HRS § 805-1 do not apply to complaints used to charge a defendant who has already been arrested."  Id. at 397, 526 P.3d at 374.

---

[2]     HRS § 805-1 (2014) provides, in relevant part:

**Complaint; form of warrant.**  When a complaint is made to any prosecuting officer of the commission of any offense, the prosecuting officer shall examine the complainant, shall reduce the substance of the complaint to writing, and shall cause the complaint to be subscribed by the complainant under oath, which the prosecuting officer is hereby authorized to administer, or the complaint shall be made by declaration in accordance with the rules of court.

**(2)** Hayward contends that the State's case should be dismissed because he "was not arraigned pursuant to HRPP Rule 5(b) and 10(a)." His argument is based solely on the premise that the criminal complaint was fatally defective. The complaint was not defective. Hayward's second point of error is without merit.

**(3)** Hayward contends the district court violated his constitutional rights because it "failed to advise [him] of his right not to testify and explain the implications of waiving that right prior to his decision to testify." The validity of a defendant's waiver of constitutional rights in a criminal case is a question of law that we review under the right/wrong standard. State v. Torres, 144 Hawaiʻi 282, 288, 439 P.3d 234, 240 (2019).

Hayward's trial began at 1:01 p.m. on September 25, 2020. Hayward acknowledges that the district court "gave [him] the prior-to-trial advisory on his rights to testify and not to testify." He doesn't challenge the pretrial colloquy.

Later that day, the district court was informed that Hayward intended to testify. At 1:58 p.m., the district court engaged Hayward in the ultimate colloquy. The district court was required to ensure that Hayward's waiver of his right to not testify was knowing, intelligent, and voluntary. Torres, 144 Hawaiʻi at 294-95, 439 P.3d at 246-47. The colloquy was:

> THE COURT: And you recall that we had a discussion at the beginning of the trial about the fact that you have a constitutional right to testify if you choose to do so as well as a right not to testify, and the Court would only listen, uh, would only consider the evidence that has been admitted. You understand that?
>
> THE DEFENDANT: Yes, I do.
>
> . . . .
>
> THE COURT: And you have any questions about what's gonna happen if you testify as opposed to not testify?
>
> THE DEFENDANT: I'm -- I'm ready.
>
> THE COURT: You ready to go?
>
> THE DEFENDANT: I'm ready.

Hayward stated he remembered the pretrial colloquy. During the pretrial colloquy, the court had informed Hayward, "If you choose not to testify the Court cannot hold your silence against you in deciding your case. You understand that?" Hayward responded, "Yes, ma'am."

But during the ultimate colloquy the court did not advise Hayward that a decision to not testify cannot be used by the fact finder to decide his case. <u>Torres</u>, 144 Hawaiʻi at 290, 439 P.3d at 242. Without a specific prompt from the court during the ultimate colloquy, Hayward may not have realized what he didn't remember from the pretrial colloquy. We conclude the ultimate colloquy was deficient.

We also conclude, however, that the error was harmless beyond a reasonable doubt. "When assessing whether the error was harmless, a crucial if not determinative consideration is the strength of the prosecution's case on the defendant's guilt." <u>Torres</u>, 144 Hawaiʻi at 291, 439 P.3d at 243 (cleaned up).

The State presented four witnesses at trial: the CW and his girlfriend, both of whom identified Hayward as the person who assaulted and beat CW; and two HCPD officers, who observed CW's injuries and arrested Hayward at the scene.

Beside himself, Hayward called only CW during his case-in-chief. CW described Hayward "attacking other vehicles" and "pounding on people's windows[,]" "being irate threatening those people that were in that vehicle[,]" and "pounding on both their windows, driver and passenger side." Hayward was unable to impeach CW.

The evidence against Hayward was overwhelming and compelling. Because of the strength of the State's evidence, we conclude that the district court's error in not completely advising Hayward of his right to not testify was harmless beyond a reasonable doubt. <u>See</u> <u>Torres</u>, 144 Hawaiʻi at 290-92, 439 P.3d at 242-44.

**(4)** Hayward contends that the district court erred by denying his motion for new trial. The only ground for Hayward's

4

motion was that his trial counsel was ineffective because he failed to subpoena four percipient witnesses to testify at trial. We note that Hayward failed to comply with Hawai'i Rules of Appellate Procedure Rule 28(a) ("If a brief raises ineffective assistance of counsel as a point of error, the appellant shall serve a copy of the brief on the attorney alleged to have been ineffective."). We need not order that Hayward's appellate counsel comply, however, because Hayward's contention lacks merit.

"Ineffective assistance of counsel claims based on the failure to obtain witnesses must be supported by affidavits or sworn statements describing the testimony of the proffered witnesses." State v. Richie, 88 Hawai'i 19, 39, 960 P.2d 1227, 1247 (1998) (citations omitted). Hayward has not presented affidavits or sworn statements describing the testimony that would have been given by any of the four witnesses he claims his trial counsel should have subpoenaed for trial. He therefore failed to show that his trial counsel was ineffective. The district court did not err by denying Hayward's motion for new trial based on ineffective assistance of counsel.

For the foregoing reasons, the "Judgment of Conviction & Sentence" entered by the district court on September 25, 2020, is affirmed.

DATED: Honolulu, Hawai'i, June 29, 2023.

On the briefs:

Alen M. Kaneshiro,
for Defendant-Appellant.

Suzanna L. Tiapula,
Deputy Prosecuting Attorney,
for Plaintiff-Appellee.

/s/ Katherine G. Leonard
Presiding Judge

/s/ Keith K. Hiraoka
Associate Judge

/s/ Karen T. Nakasone
Associate Judge